IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER GILMORE,

    **Plaintiff,**

    v.                                                   CASE NO. 23-3113-JWL

VITAL CORE, LLC, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Adult Detention Facility in Wichita, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On May 2, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until May 30, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

This matter is before the Court on Plaintiff's Motion for 30-Day Extension to Respond (Doc. 5), and Motion for Appointment of Counsel (Doc. 6). Plaintiff's motion for extension of time seeks an additional 30 days to respond to the MOSC and indicates he does not have a copy of his Complaint in this case or his Complaint in Case No. 22-3316. The Court will grant the motion to the extent that the Court will grant Plaintiff a 30-day extension of time to respond to the MOSC and will direct the Clerk to send Plaintiff copies of his Complaint in this case and his Complaint in Case No. 22-3316. To the extent Plaintiff seek pre-approval to file an amended complaint in this case and in Case No. 22-3316, which is closed, his request is denied.

Plaintiff has also filed a motion for appointment of counsel, arguing that he is incompetent and has been unable to obtain representation. The Court has considered Plaintiff's

1

motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for 30-Day Extension to Respond (Doc. 5) is **granted** to the extent that the Court will grant Plaintiff a 30-day extension of time to respond to the MOSC at Doc. 4 and will direct the Clerk to send Plaintiff copies of his Complaint in this case and his Complaint in Case No. 22-3316. Any other relief requested in the motion is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 30, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated in the Court's MOSC at Doc. 4.  Failure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS SO ORDERED**.

Dated May 12, 2023, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**